FILED
SUPERIOR COURT
OF GUAM

2025 AUG 20 PM 1:44

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| HOJIN SONG,<br><br>Plaintiff,<br><br>v.<br><br>DAE HYUN KIM,<br><br>Defendant. | CIVIL CASE NO. CV0220-24<br><br>**DECISION AND ORDER**<br>*Re: Defendant's Motion to Amend Answer to Include Counterclaim* |

This matter came before the Honorable Arthur R. Barcinas on June 12, 2025, for a hearing on Defendant Dae Hyun Kim's ("Defendant") Motion to Amend Answer to Include Counterclaim ("Motion"), filed on April 8, 2025. Present at the hearing were Attorney Jon R. Ramos for Plaintiff Hojin Song ("Plaintiff") and Attorney Georgette Concepcion for Defendant. Upon review of the record and the parties' arguments, the Court hereby **DENIES** the Motion for the following reasons.

### BACKGROUND

Plaintiff filed this action on April 19, 2024, seeking quiet title and declaratory relief in connection with a mortgage and promissory note recorded against his property. Plaintiff alleges that Defendant fraudulently induced him to execute the documents under the pretense of selling a separate property in Piti, Guam. On June 17, 2024, Defendant filed their Answer responding to the allegations, asserting numerous affirmative defenses and alleging that Plaintiff owed him at least $166,000.00. On July 23, 2024, the Court issued a Scheduling Order, stating that

motions to amend pleadings were due by October 17, 2024. Discovery closed on January 23, 2025, after a stipulated extension.

In the instant Motion, Defendant now seeks leave to amend his Answer pursuant to Guam Rule of Civil Procedure ("GRCP") 16(b)(4) and assert a counterclaim for approximately $300,000.00 allegedly owed to him by Plaintiff. Defendant argues that the factual basis for the counterclaim only became apparent upon receipt of Plaintiff's deposition transcript on March 21, 2025. On May 6, 2025, Plaintiff filed his opposition, asserting that Defendant was aware of the factual basis for the counterclaim since the outset of litigation but failed to act diligently. On May 20, 2025, Defendant filed a reply reiterating that he acted diligently upon receiving the deposition transcripts, alleging that he could not have anticipated Plaintiff's admission that the funds received were for renovation purposes rather than for personal reimbursement.

On June 12, 2025, the Court took the matter under advisement.

## DISCUSSION

Generally, under Guam law, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served." GRCP 15(a). If the motion to amend is filed after the proscribed time, a party "may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Id.*

However, the Guam Supreme Court has held that when a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleading has expired, the moving party must satisfy the good cause standard under GRCP 16(b)(4), not the standard under GRCP 15(a)." *Palmer v. Mariana Stones Corp.*, 2021 Guam 5 ¶ 22. "Unlike Rule

15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment. [...] Amendment should not be permitted if the moving party cannot show diligence." *Id.* But even if good cause is shown under GRCP 16(b), the Court must still evaluate the request under GRCP 15(a), which directs courts to freely grant leave to amend when justice so requires, unless there is undue delay, prejudice, bad faith, or futility." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Upon review, the Court finds that Defendant has not demonstrated the required diligence to amend his Answer at this late stage. Defendant admitted as early as June 2024 in his Answer that Plaintiff owed him at least $166,000.00, and Defendant's discovery responses in October 2024 asserted that Plaintiff owed him up to $250,000.00. These figures reflect the same basis as Defendant's proposed counterclaim, demonstrating that Defendant was aware of the relevant theories well before the October 2024 amendment deadline.

Moreover, the alleged "new information" discovered in Plaintiff's January 2025 deposition, i.e., that Plaintiff received $90,000.00 from Defendant for renovations and failed to account for it, was known or reasonably discoverable by Defendant earlier. The fact that Defendant required assistance from interpreters does not excuse the delay, particularly where no effort was made to amend within the six-month period following Defendant's Answer. Defendant's assertion that he needed deposition transcripts to support his counterclaim is also unconvincing. Defendant waived over two months after Plaintiff's deposition to file his motion and received his own deposition transcription on the same day the motion was filed. This does not reflect type of diligence required under GRCP 16(b).

Even if Defendant did meet the GRCP 16(b) good cause standard, the Court would still deny the Motion under GRCP 15(a) due to undue delay and prejudice to Plaintiff. Trial is impending, and allowing a new monetary counterclaim at this late stage would require reopening discovery. This would disrupt Plaintiff's trial preparation, particularly as Plaintiff would have to reframe his strategy to respond to the new claim. Additionally, the record does not support any claim of bad faith or concealment by Plaintiff, as the records and receipts referenced by Defendant were produced months earlier, and Plaintiff has consistently maintained that he expended significant funds on property renovations.

Accordingly, the Court **DENIES** Defendant's Motion to Amend for failure to show good cause under GRCP 16(b)(4), and for undue delay and prejudice to Plaintiff under GRCP 15(a).

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's Motion to Amend Answer to Include Counterclaim.

**IT IS SO ORDERED** _____ AUG 2 0 2025 _____

_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**